UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Maril Bailey,

              Plaintiff,

    v.

Shasta Union High School District, et al.,

              Defendants.

No. 2:23-cv-01750-KJM-DMC

ORDER

As explained in this order, plaintiff Maril Bailey's complaint largely satisfies the requirements of Federal Rule of Civil Procedure 8(a) and thus withstands the pending Rule 12 motions to dismiss and strike for the most part. There are a few gaps in Bailey's allegations, but these could potentially be filled by the addition of factual allegations in an amended complaint, so the motions to dismiss and strike are **granted in part with leave to amend**.

## I.    BACKGROUND

For purposes of this motion, the court assumes the following allegations are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Several years ago, when Maril Bailey was fifteen years old, she was a student at Foothill High School in Palo Cedro, California. First Am. Compl. ¶¶ 5–6, ECF No. 13. One day, another student at the school, Joseph Hornbeck, caught her as she exited the women's restroom, restrained her, overpowered her, and sexually assaulted her, causing her severe pain. *Id.* ¶¶ 19–21. She

1

tried to stop him by telling him a security camera would record what he was doing, but he told her no cameras were pointed in their direction.  *Id.* ¶ 21.  Bailey tried to use the bathroom again later that day, but Hornbeck again forced himself upon her.  *Id.* ¶ 23.

Bailey reported the assaults to the school's Vice Principal, Lauren Stroud.  *Id.* ¶¶ 7, 25–26.  Within a day or so, the school decided not to take any disciplinary or corrective action.  *See id.* ¶ 27.  In its assessment, there was no evidence to corroborate Bailey's report, a "he said, she said" situation.  *Id.*  Bailey believes the school "wholly failed to adequately investigate the assaults."  *Id.* ¶ 28.  She claims the school did not review any video from security cameras, did not take any action to protect her in the future, did not report the assaults to authorities as required by state law, and did not install security cameras where the assaults occurred.  *Id.* ¶¶ 29–31.  She also believes Hornbeck sexually assaulted or harassed at least one other student near the same restroom, and she believes at least one of these other students reported the assault to the school.  *See id.* ¶¶ 16–18.

After the assault, Hornbeck would stare at Bailey and wink at her, and he spread rumors about her.  *Id.* ¶ 32.  She feared him.  *Id.* ¶ 33.  She felt betrayed and abandoned.  *Id.*  To make matters worse, Stroud prevented Bailey from attending school activities, including the prom, on account of her report.  *Id.* ¶ 34.  Hornbeck's actions and the school's inaction took a toll on Bailey's mental health, and she eventually withdrew from the school until Hornbeck graduated.  *Id.* ¶¶ 35–36.  Even today she has continued to suffer from depression, anxiety, confusion, anger, humiliation, suicidal thoughts and other symptoms as a result of the assault and the school's response.  *Id.* ¶ 36.  She twice attempted suicide and has sought extensive mental health treatment.  *Id.*

Bailey filed this action in 2023 against Hornbeck, Stroud, the school principal Steve Abbott, the Shasta Union High School District, which encompasses the high school, and ten Doe defendants.[1]  She asserts several claims.  Defendants Stroud, Abbott and the district now move to dismiss the following six claims under Rule 12(b)(6), *see generally* Mot. Dismiss, ECF No. 21:

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

- Bailey claims Stroud and Abbott deprived her of her constitutional rights in violation of 42 U.S.C. § 1983 (claims three and four).  First Am. Compl. ¶¶ 60–74.

- She claims all defendants interfered with her rights in violation of the California Bane Civil Rights Act (claim six).  *Id.* ¶¶ 85–90 (citing Cal. Civ. Code § 52.1).

- She claims all defendants are liable for intentionally inflicting emotional distress upon her (claim nine).  *Id.* ¶¶ 115–20.

- She claims all defendants except Hornbeck negligently failed to protect her and other students under the California Court of Appeal's decision in *Juarez v. Boy Scouts of America* (claim thirteen).  *Id.* ¶¶ 146–48 (citing 81 Cal. App. 4th 377 (2000)).

- She claims all defendants violated the California Ralph Civil Rights Act (claim seventeen).  *Id.* ¶¶ 167–73 (citing Cal. Civ. Code § 51.7).

Stroud also moves to strike Bailey's request for punitive damages.  *See generally* Mot. Strike, ECF No. 15.  Both motions are fully briefed.  *See generally* Opp'n Dismiss, ECF No. 24; Opp'n Strike, ECF No. 25; Reply Dismiss, ECF No. 27; Reply Strike, ECF No. 28.  The court took the matter under submission without hearing oral arguments.  Min. Order, ECF No. 29.

## II.    DISCUSSION

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In response, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions.  *Iqbal*, 556 U.S. at 678–79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Federal Rule of Civil Procedure 8.  *Id.* at 679.  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id.*

---

1980).  But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id.*  The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ. P. 4(m).

1    **A.      Claims Under 42 U.S.C. § 1983 (Claims 3 and 4)**

2            Stroud, Abbott and the district first move to dismiss claims three and four, which Bailey

3    asserts under 42 U.S.C. § 1983.  That section imposes liability on any person who subjects

4    another "to the deprivation of any rights, privileges, or immunities secured by the Constitution

5    and law," but only if the first person acted "under color of any statute, ordinance, regulation,

6    custom, or usage of any State."  42 U.S.C. § 1983.  Stroud and Abbott contend they cannot be

7    liable under this section because Bailey does not allege they were acting under color of state law.

8    *See* Mot. Dismiss at 5–7.  Bailey alleges unambiguously, however, that both Stroud and Abbott

9    were public school administrators and were acting in that capacity at the time.  *See* First Am.

10   Compl. ¶ 8.

11          Stroud and Abbott contend relatedly they were not acting under color of law inasmuch as

12   Bailey has sued them in their individual or personal capacities, as opposed to their official

13   capacities.  *See* Mot. Dismiss at 7.  But both personal-capacity and official-capacity claims can be

14   viable.  "[O]fficial capacity suits 'generally represent only another way of pleading an action

15   against an entity of which an officer is an agent.' . . . Personal-capacity suits, on the other hand,

16   seek to impose individual liability upon a government officer for actions taken under color of

17   state law."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159,

18   165 (1985))).

19          The court denies the motion to dismiss claims three and four.

20   **B.      Bane Act (Claim 6)**

21          Stroud, Abbott and the district next move to dismiss claim six, which Bailey asserts under

22   the California Tom Bane Civil Rights Act.  The Bane Act imposes liability on any person who

23   "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or

24   coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the

25   Constitution or laws of the United States, or of the rights secured by the Constitution or laws of

26   [California]."  Cal. Civ. Code § 52.1(b).

27          The district argues it cannot be directly liable under the Bane Act because it is a public

28   entity.  *See* Mot. Dismiss at 8.  Although the district may not be liable directly, public officials

4

1   may be liable under the Bane Act, and if so, their employer may be vicariously liable.  *See, e.g.*,

2   *Burgess v. County San Diego*, No. 21-616, 2021 WL 5810662, at *7 (S.D. Cal. Dec. 7, 2021)

3   (collecting authority and distinguishing theories of liability); *see also Santos ex rel. Santos v. City*

4   *of Culver City*, 228 F. App'x 655, 659 (9th Cir. 2007) (unpublished) (reversing order granting

5   summary judgment to municipal defendant because defendant could be vicariously liable for

6   employees' Bane Act violations).

7         Stroud, Abbott and the district also argue Bailey's complaint lacks any allegations about

8   actual or attempted threats, intimidation or coercion.  *See* Mot. Dismiss at 8.  Bailey alleges,

9   however, that Stroud and other unidentified staff members retaliated against her after she reported

10  the assaults.  First Am. Compl. ¶ 34.  That allegation plausibly describes an attempt to coerce or

11  intimidate Bailey and thus to interfere with her rights, which supports her claim.

12        Finally, Stroud, Abbott and the district argue the complaint wrongly lumps them together

13  without explaining their roles in the alleged wrongdoing.  *See* Mot. Dismiss at 8.  The complaint

14  clearly explains Stroud's role.  *See, e.g.*, First Am. Compl. ¶ 34 ("Plaintiff faced retaliation from

15  STROUD and other staff members for reporting her assault. STROUD prevented Plaintiff from

16  participating in school activities, such as prom." (capitalization in original)).  But the complaint

17  does not explain what role Abbott played, if any.

18        For these reasons, as to defendant Abbott, the court grants the motion to dismiss claim six

19  in part, with leave to amend.  The court otherwise denies the motion to dismiss claim six.

20        **C.      Intentional Infliction of Emotional Distress (Claim 9)**

21        The district next argues it cannot be directly liable for intentional infliction of emotional

22  distress, as Bailey alleges in her ninth claim.  *See* Mot. Dismiss at 9.  But again, regardless of a

23  public entity's direct liability, it may be vicariously liable for its employees' torts.  *See, e.g.*,

24  *Large v. Regents of Univ. of Cal.*, No. 08-02835, 2012 WL 3647455, at *8 (E.D. Cal. Aug. 22,

25  2012) (denying motion to dismiss emotional distress claim against public university based on its

26  employee's actions).

27        Stroud and Abbott contend they are immune from liability under Government Code

28  sections 820.2 and 822.2.  *See* Mot. Dismiss at 9.  Section 820.2 provides that public employees

1   acting within the scope of their employment are not liable for injuries resulting from acts or

2   omissions within their discretion.  Section 822.2 provides similarly for injuries caused by public

3   employees' misrepresentations absent "actual fraud, corruption or actual malice."  At this early

4   stage, the court does not consider evidence from outside the complaint.  *See Iqbal*, 556 U.S. at

5   678–79; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  No allegations show the

6   alleged injuries arose from actions within the individual defendants' discretion or as a result of

7   misrepresentations short of actual fraud, corruption or actual malice.  The defense cannot prevail

8   at this stage based on immunities under sections 820.2 or 822.2.

9        Finally as to this claim, Stroud, Abbott and the district argue the complaint lacks

10   allegations that could, if proven, show they acted outrageously and beyond all reasonable bounds

11   of decency.  The court cannot conclude at this early stage that Stroud's alleged actions fell short

12   of this line.  A defendant's quickly dismissing or ignoring plausible and specific allegations of

13   sexual harassment could support a claim for intentional infliction of emotional distress.  *See, e.g.*,

14   *D.C. by & through Cabelka v. Cnty. of San Diego*, 445 F. Supp. 3d 869, 901 (S.D. Cal. 2020).

15   The complaint does not explain, however, what actions Abbott took or failed to take.

16        For these reasons, the court grants the motion to dismiss claim nine in part, with leave to

17   amend only as to the claim against Abbott.

18        **D.      Failure to Warn, Train or Educate (Claim 13)**

19        Bailey contends the district, Stroud and Abbott negligently failed to protect her and other

20   students from sexual assault.  First Am. Compl. ¶ 147.  To explain her theory of the defendants'

21   negligence, Bailey cites the California Court of Appeal's decision in *Juarez v. Boy Scouts of*

22   *America*.  *See id.* (citing 81 Cal. App. 4th 377 (2000)).  As the Court of Appeal put it several

23   years later, *Juarez* was about when a "special relationship" between a plaintiff and defendant can

24   show the defendant owed the plaintiff a duty of care.  *See Doe v. U.S. Youth Soccer Assn., Inc.*,

25   8 Cal. App. 5th 1118, 1129 (2017).  "California courts have frequently recognized special

26   relationships between children and their adult caregivers that give rise to a duty to prevent harms

27   caused by the intentional or criminal conduct of third parties."  *Id.*  When a defendant with a

28   special relationship is accused of "nonfeasance," courts balance the factors listed in *Rowland v.*

1   *Christian*, to decide what duty the defendant is owed.  *See id.* at 1128 (citing 69 Cal. 2d 108

2   (1968)).  These factors include how foreseeable the harm was and how closely the plaintiff's

3   injury is connected to the defendant's conduct.  *See id.* at 1128–29, 1131–39.

4           Stroud, Abbott and the district do not discuss or analyze these decisions or the relevant

5   factors.  *See* Mot. Dismiss at 10–11; Reply Dismiss at 5.  They simply assert *Juarez* is

6   inapplicable, the Court of Appeal's decision in *United States Soccer* relieves them of liability, and

7   schools have no specific duty to educate their students.  *See, e.g.*, Mot. Dismiss at 10–11.  These

8   simplistic arguments fall short of what is necessary to support a motion to dismiss.  *See, e.g.*, *Rios*

9   *v. Cnty. of Sacramento*, 562 F. Supp. 3d 999, 1024 (E.D. Cal. 2021); *Gallardo v. DiCarlo*, 203 F.

10  Supp. 2d 1160, 1165 (C.D. Cal. 2002).

11          The court denies the motion to dismiss claim thirteen.

12          **E.      Ralph Act (Claim 17)**

13          The California Ralph Civil Rights Act of 1976 protects "the right to be free from any

14  violence, or intimidation by threat of violence" because of several protected characteristics,

15  including sex.  Cal. Civ. Code § 51.7(b)(1) (citing *id.* § 51(b)).  Bailey alleges defendants

16  "intentionally subjected [her] to injury by exposing her to sexual assault and harassment at

17  school" because of her sex.  First Am. Compl. ¶ 170.  She alleges she was intimidated by their

18  "indifference toward the harmful effects that sexual assault and harassment would have on her

19  mental and physical health and safety."  *Id.*  She does not allege, however, that any defendant

20  other than Hornbeck committed violence or threatened violence.

21          The court grants the motion to dismiss this claim against the district, Stroud and Abbott,

22  but with leave to amend if possible under Federal Rule of Civil Procedure 11.

23          **F.      Punitive Damages**

24          Finally, Stroud argues the complaint does not include allegations that could support

25  Bailey's request for punitive damages against her.  Mot. Strike at 5–6.  Stroud moves to strike

26  that request under Rule 12(f).  *See id.*  A motion to strike under Rule 12(f) serves "to avoid the

27  expenditure of time and money that must arise from litigating spurious issues by dispensing with

28  those issues prior to trial."  *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

1  In ruling on a motion to strike, the court "may not resolve disputed and substantial factual or legal

2  issues." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation

3  marks omitted).  If a motion to strike is in substance a Rule 12(b)(6) motion to dismiss for failure

4  to state a claim, the court may convert the motion to the proper designation and consider the

5  motion as though it were brought under Rule 12(b)(6).  *Kelley v. Corr. Corp. of Am.*, 750 F. Supp.

6  2d 1132, 1146 (E.D. Cal. 2010) (considering motion to strike punitive damages request as Rule

7  12(b)(6) motion).  Stroud's motion contests the adequacy of Bailey's allegations and thus is best

8  designated a motion to dismiss under Rule 12(b)(6); the court therefore exercises its discretion to

9  convert the motion to strike into a motion to dismiss.

10          California law permits plaintiffs to recover punitive damages in actions "for the breach of

11  an obligation not arising from contract" if they prove, among other things, "by clear and

12  convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ.

13  Code § 3294(a).  As used in the statute, "malice" means "conduct which is intended by the

14  defendant to cause injury to the plaintiff or despicable conduct which is carried on by the

15  defendant with a willful and conscious disregard of the rights or safety of others."  *Id.*

16  § 3294(c)(1).  Bailey's complaint includes allegations supporting a plausible claim that Stroud

17  acted "with a willful and conscious disregard of the rights or safety of others."  *Id.*  As

18  summarized above, Bailey alleges Stroud dismissed her harassment report, did not investigate

19  Bailey's claims, did not take actions to prevent other similar assaults by Hornbeck, and prevented

20  Bailey from participating in school activities after she made her report.

21          The court denies the motion to strike, construed as a Rule 12(b)(6) motion to dismiss.

22  **III.   CONCLUSION**

23          The court resolves the motions to dismiss and strike as follows, granting in part:

24          • The motion to dismiss claims three, four, and thirteen is **denied**.

25          • The motion to dismiss claims six and nine **is granted in part with leave to**

26              **amend** as to the claims against defendant Abbott and is **otherwise denied.**

27          • The motion to dismiss claim seventeen is **granted with leave to amend**.

28          • The motion to strike, construed as a motion to dismiss, **is denied**.

1        Any further amended complaint must be filed **within twenty-one days**.

2        This order resolves ECF Nos. 15 and 21.

3        IT IS SO ORDERED.

4    DATED:  November 18, 2024.

SENIOR UNITED STATES DISTRICT JUDGE